UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASHLEY SOMYK,<br>    *Plaintiff*<br><br>v.<br><br>CITY PERSONNEL, INC.,<br>    *Defendant* | C.A. No.: 1:18-cv-00164-JJM-PAS<br><br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Ashley Somyk ("Plaintiff") and brings this action against Defendant City Personnel, Inc. ("Defendant") to remedy wage claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the Rhode Island Minimum Wage Act, R.I. Gen. Laws §§ 28-12-1, *et seq.*, and employment discrimination claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the Rhode Island Fair Employment Practices Act, R.I. Gen §§ 28-5-1 *et seq.*, ("FEPA"); and the Rhode Island Civil Rights Act R.I. Gen. Laws §§ 42-112-1 ("RICRA").

## PARTIES

1. Plaintiff Somyk is a citizen of the State of Rhode Island.
2. Defendant City is a corporation organized under the laws of the State of Rhode Island, with its principle place of business in Providence, Rhode Island.

## JURISDICTION AND VENUE

3. This Court has proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(3) in that the controversy arises under the United States Constitution and the laws of the United States.

4. This Court has proper venue over this action pursuant to 28 U.S.C. § 1391(b) in that Defendants are subject to personal jurisdiction within the District of Rhode Island and the events giving rise to this action occurred in this District.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state and federal claims arise from a common nucleus of operative fact, such that they form part of the same case or controversy. Consideration of judicial economy, fairness, and convenience warrants this Court's exercise of supplemental jurisdiction over Plaintiff's state law claims.

## ADMINISTRATIVE PROCEDURES

6. Charges of Discrimination were timely co-filed by Plaintiff with the Rhode Island Commission of Human Rights ("RICHR") and the Equal Employment Opportunity Commission ("EEOC"). on or about January 19, 2018.

7. On or about May 22, 2018, the RICHR issued Plaintiff Somyk a Notice of Right to Sue (RICHR NO. 16 ERT 185-39/06 and EEOC NO. 16J-2018-00102), authorizing Plaintiff to bring a private civil action.

8. This Complaint was timely filed after issuance of the Notices of the Right to Sue.

## FACTUAL ALLEGATIONS

9. Plaintiff Somyk was hired by Defendant City on or about July 11, 2016.

10. At all times relevant Plaintiff Somyk worked as recruiter or senior recruiter.

11. Plaintiff was not in a position considered exempt from overtime under state or federal law.

12. Plaintiff was paid hourly and regularly worked extensive overtime beyond 40 hours a week.

13. However, despite the extensive hours worked over 40 hours per week, Plaintiff was instructed by City to enter her hours as 40 hours per week, irrespective of the number of hours worked.

14. Plaintiff worked the overtime hours without compensation for such hours for all or most of her tenure at City.

15. Plaintiff worked overtime hours without ever being paid time and a half for hours over 40 or any additional wage rates relevant in Rhode Island such as for work on Sunday.

16. At all times relevant since her hiring, Plaintiff Somyk's performance met and/or exceeded City's legitimate expectations.

17. Plaintiff Somyk is a female who was a key witness to acts and omissions of sex-discrimination (specifically pregnancy-related discrimination) committed by City.

18. Specifically, Plaintiff Somyk witnessed another employee, Brittany Kean[1] ("Ms. Kean") harassed and then unlawfully terminated because she was pregnant.

19. Agents, employees, and the owner of Defendant City, Dawn Apajee ("Ms. Apajee") disclosed statements to Plaintiff Somyk that verified the employee was terminated because she was pregnant.

20. Plaintiff Somyk also witnessed employees other than Ms. Kean doing acts which were the same acts that City later claimed were the basis for the employee's termination, yet these employees were not disciplined or terminated.

21. Plaintiff Somyk also witnessed agents, employees, and Ms. Apajee making disparaging remarks about Ms. Kean and how she looked soley because she was pregnant.

22. Ms. Kean subsequently filed charges of discrimination with the Rhode Island Commission of Human Rights which were co-filed with the EEOC: RICHR NO. 16 ERT 185-39/06 and EEOC NO. 16J-2018-00102.

23. Over time Plaintiff Somyk began assisting Ms. Kean with her claim.

---

[1] Ms. Kean's maiden name is Lameiras and the commission charges are in that name, but the Court case is in Ms. Kean's married name.

24. Plaintiff Somyk opposed the discriminatory policies in Ms. Kean's case of her pregnancy discrimination.

25. City was aware that Plaintiff Somyk was in contact with the Ms. Kean in that case while Plaintiff Somyk was still employed by Defendant.

26. Upon information and belief, City was aware that Plaintiff Somyk had information very helpful for Ms. Kean's case while Plaintiff Somyk was still employed by Defendant.

27. City announced that Ms. Kean was suing her the company while Plaintiff Somyk was still employed by Defendant.

28. Plaintiff Somyk agreed to be a witness for Ms. Kean in her case.

29. Plaintiff Somyk disclosed to Ms. Kean information that would help her case.

30. Plaintiff Somyk helped Ms. Kean find a lawyer for her case.

31. Plaintiff Somyk has disclosed to Ms. Kean information that undermines City's legitimate non-discriminatory reasons for Ms. Kean's termination.

32. Proximate to the time Plaintiff Somyk was unlawfully terminated, Plaintiff Somyk reported to City agents, employees, and Ms. Apajee, that Plaintiff Somyk was in continued contact with Ms. Kean.

33. Proximate to the time Plaintiff Somyk was unlawfully terminated, Plaintiff Somyk expressed support for Ms. Kean to City agents, employees, and/or Ms. Apajee.

34. More specifically, in or around the beginning of November 2017, Ms. Kean reached out to Plaintiff Somyk and they discussed Ms. Kean's case and the ongoing nature.

35. City had been incorrectly stating to Defendant's staff in the office that Ms. Kean's case was over.

36. Proximate to Plaintiff Somyk's termination she specifically informed City agents, employees, and/or Ms. Apajee that Plaintiff Somyk had been in touch with Ms. Kean and her case was not over but would continue to court.

37. Plaintiff Somyk felt that City agents, employees, and/or Ms. Apajee took such a statement as overt support for Ms. Kean's case.

38. Proximate to her termination, on or about November 16, 2017, Plaintiff Somyk told Ms. Apajee that Plaintiff Somyk was in contact with Ms. Kean and expressed directly to Ms. Apajee, support of Ms. Kean's prior work.

39. On or about the next day, November 17, 2017, Plaintiff Somyk told Ms. Apajee that Plaintiff Somyk needed to speak to her.

40. Before Plaintiff and Ms. Apajee spoke on or about that same day, November 17, 2017, Ms. Apajee and the manager Plaintiff Somyk had disclosed Plaintiff Somyk's ongoing contact with Ms. Kean and the disclosure that the case was ongoing towards court, had a private meeting Plaintiff Somyk had never seen occur before.

41. Plaintiff Somyk never spoke with Ms. Apajee that day.

42. Plaintiff Somyk was off work from Thanksgiving until on or about November 27, 2017.

43. When Plaintiff Somyk returned from on or about November 27, 2017, Ms. Apajee called Plaintiff Somyk into her office and asked what Plaintiff Somyk had wanted to talk about the prior week.

44. Plaintiff Somyk responded that Plaintiff Somyk no longer needed to talk to Ms. Apajee about that subject.

45. Plaintiff Somyk was terminated on or about that same day.

Case 1:18-cv-00164-JJM-PAS   Document 5   Filed 06/19/18   Page 6 of 12 PageID #: 27

46. The reason for termination was stated to be because she could not afford to pay Plaintiff Somyk more mondy.

47. However, Plaintiff Somyk had not asked for more money and did not require more money.

48. Moreover, Plaintiff Somyk asked Ms. Apajee how she could be terminated after receiving accolades from Ms. Apajee that Plaintiff Somyk was a great recruiter, and even "the best."

49. Ms. Apajee had no response other than saying that "it would not work out long term."

50. City and Ms. Apajee terminated Plaintiff Somyk in retaliation for opposing discriminatory policies, supporting Ms. Kean, and assisting Ms. Kean with her ongoing case of discrimination and harassment against City.

51. Following her termination from Defendant City, Plaintiff Somyk was approached by several other personnel firms, looking to employ Plaintiff Somyk.

52. Notably, Plaintiff Somyk was forced to turn down a position at another personnel firm, which offered to pay her a great deal more money than she was making at City.

53. Plaintiff Somyk turned down the opportunity in good faith because the employer was located within the zone of an extremely broad non-compete agreement that Ms. Apajee and Defendant City required Plaintiff Somyk to sign at the time she was hired.

54. The non-compete that Plaintiff Somyk was required to sign was unconscionable under Rhode Island standards, as the agreement covered a broad range of other employers, extended up to 25-miles of Defendant City, covering almost all of Rhode Island and extending well into Massachusetts, and lasted for a period of three (3) years.

55. In good faith Plaintiff Somyk obtained employment at the Alpha Group, Inc., a personnel firm located in Norton, Massachusetts; outside the 25-mile bounds of the non-compete agreement.[2]

---

[2] The Alpha Group is located at 61 East Main Street in Norton, Massachusetts; 25.7 miles from City Personnel, via Interstate-95.

56. Subsequently, Ms. Kean removed her case from the Rhode Island Commission after exhaustion and filed an action against City in Rhode Island Superior Court, C.A. No.: PC-2018-0114.

57. Almost immediately after City was served with Ms. Kean's complaint, City threatened suit against Plaintiff Somyk in retaliation for her purported assistance and support in Ms. Kean's case.

58. Specifically City sent a threatening letter to Plaintiff Somyk's subsequent-employer at the time, the Alpha Group.

59. On or about the same time City was preparing their threatening letter, Plaintiff Somyk was working with counsel to file charges of retaliation under Title VII and state analogs against City.

60. Upon information and belief, the timing of the charges filed and the threatening letter lead to perceptions by Plaintiff of further retaliation.

61. Plaintiff Somyk's then-employer, the Alpha Group, responded with a detailed letter about how the non-compete was unenforceable.

62. In a clear act of harassment and retaliation, City then filed a civil suit in Providence Superior Court (C.A. No.: PC-2018-0433) against *only* Plaintiff Somyk, omitting the Alpha Group as a party, seeking to enforce the unconscionable non-compete agreement against Plaintiff who is a young girl just starting her career without any resources, in addition to several other frivolous claims.

63. The civil suit is still ongoing and very much tied to the events set forth in this Complaint; thus, Plaintiff Somyk filed a Counterclaim against Defendant City in the Superior Court action.

64. As a direct and proximate result of City's retaliatory and harassing conduct, Plaintiff Somyk has since separated from the Alpha Group and changed fields and is now employed at Encore Fire Protection ("Encore").

65. Since being employed at Encore, City's principal Ms. Apajee has continued to cause issues with Plaintiff's employment even though she is again not in violation of the non-compete.

66. Specifically, Ms. Apajee contacted Plaintiff's supervisor and what was said is unknown but has caused Plaintiff to disclose some of her involvement in simply trying to help a coworker who was discriminated against and as a result has suffered severe retaliation that is ongoing.

67. As a direct and proximate result of City's unlawful acts and omissions Plaintiff Somyk suffered loss of income; experienced humiliation, loss of enjoyment of life, and loss of standing in the community; suffered and continues to suffer from extreme emotional distress and mental anguish resulting in physical injury; and suffered other injuries. All damages continue to date.

68. Plaintiff filed her original complaint on or about March 28, 2018 and is now amending as a matter of course under the rules to update allegations and counts.

69. Plaintiff's original complaint has not been served so amendment as a matter of course is appropriate under the rules.

## COUNT I – UNPAID WAGES
**Fair Labor Standards Act, 29 U.S.C. §§ 201,** *et seq.*
**Rhode Island Minimum Wage Act, R.I. Gen. Laws §§ 28-12-1,** *et seq.*

70. Plaintiff incorporates by reference ALL allegations contained in the above-paragraphs as if fully set forth herein.

71. Beginning on or about July 11, 2016, Defendant City hired Plaintiff as an hourly non-exempt employee or mis-classified Plaintiff Somyk as a salaried employee.

72. Defendant City instructed Plaintiff Somyk, in lieu of punching in and out, to always submit forty (40) hours at the end of every week, regardless of her actual hours worked.

73. Plaintiff Somyk frequently worked hours significantly in excess of forty (40) hours per week and is entitled to overtime pay as a non-exempt employee, pursuant to 29 U.S.C. § 207.

74. Throughout her employment, Plaintiff Somyk was not paid the overtime rate for her hours over 40 per week.

75. Throughout her employment, Plaintiff Somyk was paid and treated as a salaried employee, despite being a non-exempt hourly employee.

76. Specifically, with respect to the overtime and off-hours work, Defendant City expected Plaintiff Somyk to work extensive hours above 40 hours per week including off hours work such as reading and responding to emails received from clients, no matter the time or day.

77. Plaintiff Somyk was not compensated for such work.

78. Additionally, Defendant City required Plaintiff Somyk attend bi-annual marketing meetings on weekends outside of normal work hours.

79. The mandatory marketing meetings lasted several hours and were uncompensated.

80. City is responsible for the acts and omissions of the individual City's agents under the doctrine of *respondeat superior*.

81. As a direct and proximate result of City's unlawful acts and omissions Plaintiff Somyk suffered loss of income and other damages as stated herein.

**COUNT II – EMPLOYMENT DISCRIMINATION**
**Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e-3 ("Title VII")***
**Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-7 ("FEPA")**
**Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.* ("RICRA")**

82. Plaintiff incorporates by reference ALL allegations contained in the above-paragraphs as if fully set forth herein.

83. Plaintiff Somyk was protected from retaliatory harassment, discrimination, and termination as a result of engaging in protected conduct under Title VII, FEPA, and RICRA.

84. Plaintiff Somyk engaged in protected conduct, opposed unlawful conduct, and exercised her rights when she reported and/or opposed the disparate treatment, during the course of her employment.

85. Specifically, Plaintiff Somyk engaged in a protected activity, participated in assisting Ms. Kean's claims of pregnancy related discrimination against City, and opposed discriminatory policies.

86. As a result of Plaintiff Somyk's protected activity, Plaintiff Somyk was subjected to retaliatory harassment and discrimination by City's agents.

87. Also, as a result of Plaintiff Somyk's protected activity, City terminated Plaintiff Somyk in retaliation for her protected activity.

88. But for City's retaliatory conduct, Plaintiff Somyk would not have been terminated.

89. City's retaliatory conduct, policies, and practices were intentional, motivated by animus, impermissible, and unlawful.

90. Plaintiff Somyk experienced the aforesaid damages as a direct and proximate result of City's conduct.

91. Because Plaintiff Somyk's conduct was intentional, constitutes gross negligence, recklessness, willful and/or wanton, punitive or exemplary damages are warranted.

92. City is responsible for the acts and omissions of the individual City's agents under the doctrine of *respondeat superior*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Somyk prays that this Court:

a. Order judgment for Plaintiff Somyk against Defendant City on all Counts and declare that the practices detailed in this Complaint are unlawful;

b. Order, for all applicable Counts, that Defendant City make Plaintiff Somyk whole by awarding appropriate back pay with interest, front pay, compensation for all other lost income and benefits, earning capacity, and all other relevant entitlements and emoluments;

c. Order, for all applicable Counts, that Plaintiff Somyk be awarded an amount of money which will fairly compensate her any other damages incurred including emotional distress damages;

d. Order, for all applicable Counts, that Defendant City pay Plaintiff Somyk's costs and reasonable attorney's fees resulting from this action;

e. Order, for all applicable Counts, that Defendant City pay punitive or exemplary damages, as appropriate to punish Defendant City for its malicious conduct, recklessness conduct, and/or callous indifference to the statutorily and common law protected rights of Plaintiff Somyk;

f. Order, for all applicable Counts, that Defendant City pay post-judgment interest where appropriate and allowable by law;

g. Order, for all applicable Counts, that Defendant City pay pre-judgment interest, including interest for all damages awarded to Plaintiff Somyk from the date the cause of action accrued, where appropriate and allowable by law;

h. Retain jurisdiction of this action, including Plaintiff's federal and state claims, to ensure full compliance; and

i. Order, for all Counts, such other relief to Plaintiff Somyk as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Filed: 6/19/2018

Respectfully Submitted,

ASHLEY SOMYK,
By her attorney,

/s/ Paige Munro-Delotto
Paige Munro-Delotto, Ph.D., Esq. #9291
Munro-Delotto Law, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
Tel: (401) 521-4529
Fax: (866) 593-9755
paige@pmdlawoffices.com