UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASHLEY SOMYK,
    Plaintiff,

v.                                      C.A. No. 18-164-JJM-PAS

CITY PERSONNEL, INC.,
    Defendant.

ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendant City Personnel, Inc. ("City"), has moved to dismiss Plaintiff Ashley Somyk's Complaint for lack of jurisdiction or, alternatively, to stay the litigation pending outcome of state court litigation, under the *Colorado River* doctrine. ECF No. 10. For reasons set forth below, the Court DENIES City's motion in its entirety.

I. BACKGROUND

Ms. Somyk brought this action alleging City failed to pay wages and overtime wages and unlawfully terminated Ms. Somyk for a discriminatory purpose. Following termination at City, Ms. Somyk obtained employment with a personnel firm, the Alpha Group. Based on Ms. Somyk's employment at Alpha Group, City sued Ms. Somyk in Providence Superior Court, alleging violation of a non-compete agreement. In the state court action, Ms. Somyk brought counterclaims related to the non-compete clause in dispute on the same day she filed the present federal suit.

II. STANDARD OF REVIEW

City seeks to dismiss Ms. Somyk's federal action for lack of jurisdiction or, alternatively, to stay the litigation pending outcome of state court litigation, under the *Colorado River* doctrine. ECF No. 10. Under *Colorado River*, a federal court may stay or dismiss a suit in federal court when a parallel state court proceeding is underway, but only under exceptional circumstances and if it would promote "wise judicial administration." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-18 (1976). For purposes of *Colorado River* analysis, state and federal proceedings are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014); *see also Bacardi Int'l Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 14-15 (1st Cir. 2013) (recognizing state and federal cases are parallel where proceedings involve the same legal issues, the claims are the same, and arise from the same arbitration); *Rojas-Hernandez v. Puerto Rico Elec. Power Authority*, 925 F.2d 492, 496 (1st Cir. 1991) (noting for *Colorado River* analysis that both actions derive from the same transaction and involve the same parties and causes of action). If the federal and state court actions are not parallel, the *Colorado River* doctrine does not apply.

Indeed, a stay or dismissal under *Colorado River* is only appropriate when the parties may obtain complete relief in the state court proceedings. *See Currie v. Group Ins. Com'n*, 290 F.3d 1, 12 (1st Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("When a[ ] court decides to dismiss or

2

stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties")). If there is any substantial doubt about this, it would be a serious abuse of discretion to grant the stay or dismissal at all. *See Moses H. Cone*, 460 U.S. at 28.

III. DISCUSSION

The *Colorado River* doctrine does not apply here because Ms. Somyk's federal and state actions are not parallel. While City highlights that Ms. Somyk filed her federal action on the same day as her state counterclaims, the factual allegations are virtually identical, and the prayers for relief are virtually identical, the proceedings do not involve the same or similar legal issues or claims to warrant a stay or dismissal under *Colorado River*. *See* ECF No. 10.

Here, the claims involve events leading up to Ms. Somyk's termination as the action arises from City's alleged failure to pay Ms. Somyk wages and overtime wages and City's allegedly unlawful termination of Ms. Somyk. Ms. Somyk brings claims for unpaid wages under the Federal Labor Standards Act and the Rhode Island Minimum Wage Act, and employment discrimination claims under the Rhode Island Civil Rights Act, Rhode Island Fair Employment Practices Act, and Title VII of the Civil Rights Act of 1964. *See* ECF No. 5 ¶¶ 70-92. In contrast, the operative facts in the state action are those *following* Ms. Somyk's termination and the claims involve the non-compete clause at issue in that proceeding. Ms. Somyk's counterclaims in the state action include breach of implied covenant of good faith and fair dealing,

3

tortious interference with business relations, tortious interference with contract, defamation per se, and a claim of misappropriation made in bad faith. *See* ECF No. 10, Ex. 1 at 17-22.

The claims between the two actions involve different operative facts, different causes of action, and require different elements to prove. Thus, Ms. Somyk would not obtain complete relief in the state court action if the Court stayed or dismissed this proceeding. This Court is unpersuaded that the *Colorado River* doctrine applies.

## IV. CONCLUSION

The Court DENIES the Defendant's Motion (ECF No. 10) in its entirety.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

October 11, 2018